**ORANGEFIELD INDEPENDENT
SCHOOL DISTRICT,**
Appellant,

v.

**CALLAHAN & ASSOCIATES,**
Architects, Appellee.

No. 09–00–171 CV.

Court of Appeals of Texas,
Beaumont.

Submitted on March 8, 2001.

Decided July 26, 2001.

Publication Ordered Jan. 29, 2003.

J. Mitchell Smith, Tanner T. Hunt, Jr., Wells, Peyton, Greenberg & Hunt, LLP, Beaumont, for appellant.

Scott Lyford, Mills, Shirley, Eckel & Bassett, Galveston, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Orangefield Independent School District ("OISD") appeals a final judgment in favor of Callahan & Associates ("Callahan"), its architect for a school addition. Originally, OISD filed suit against its general contrac-

tor, Cleveland Building Systems, Inc., Callahan, and other parties.[1] The original cause was stayed to allow contractually-required arbitration between Callahan and OISD. The arbitrator entered an award favorable to Callahan. OISD then filed an application to vacate or modify the award and Callahan applied for entry of judgment on the award. After the trial court severed the award matter from the underlying suit, both parties filed motions for summary judgment. Without specifying the grounds, the trial court granted Callahan's motion, denied OISD's, and entered judgment against OISD for $99,975.32, plus post-judgment interest and costs of court.

On appeal, OISD brings six issues. In issues one and two, OISD complains that the trial court erred, as a matter of law, in granting Callahan's motion for summary judgment and denying OISD's because OISD established statutory and non-statutory grounds warranting vacutur or modification of the arbitrator's award. In issue three, OISD maintains the arbitrator exceeded her statutory authority and violated public policy in awarding Callahan additional architectural fees, prejudgment interest and attorneys' fees because such a payment would violate Art. III, sections 44 and 53 of the Texas Constitution. In issue four, OISD contends the arbitrator exceeded her statutory authority and violated public policy by failing to enforce the parties' memorandum of understanding, which is asserted by OISD to preclude an award to Callahan of additional architectural fees, expenses, prejudgment interest and attorneys' fees. In issues five and six, OISD contends the arbitrator made an evident mistake and/or violated the common law by failing to award OISD damages for replacement of the school's drive-

way, as well as its associated costs and attorneys' fees when the arbitrator found Callahan at fault with regard to the driveway failure as there was sufficient uncontroverted evidence in the record, according to OISD, to establish the replacement cost.

Callahan's motion for summary judgment asked the trial court to: (1) deny OISD's application for vacating or modifying the arbitration award and (2) confirm the award and enter judgment in Callahan's favor. As the sole ground for its summary judgment, Callahan asserted there was no evidence to support OISD's application for vacating or modifying the award, pursuant to Tex.R. Civ. P. 166a(i). Callahan further alleged OISD had failed to come forward with supporting evidence as it was required to under Rule 166a(i).

■■■ As this appeal is from a grant of summary judgment that was sought to confirm an arbitration award, we apply not just the standards of review for arbitrations, but those for summary judgments as well. *See Teleometrics Int'l, Inc. v. Hall,* 922 S.W.2d 189, 193 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (distinguishing standard of review in cases when appeal is from grant of summary judgment from that when appeal is from judgment confirming award). Or more precisely, here our review is "filtered through" the "no evidence" summary judgment standard of Rule 166a(i). *Cf. Brozo v. Shearson Lehman Hutton, Inc.,* 865 S.W.2d 509, 511 (Tex.App.—Corpus Christi 1993, no writ) (In reviewing an arbitration award confirmed through grant of a traditional summary judgment, the appellate court observed the situation's irony: "Our task, then, is to construe all evidence, reasonable inferences, and doubt against the

---

**1.** Also sued were Conarc, Inc., a corporation affiliated with Cleveland Building Systems, and Fidelity and Casualty Insurance Co., the performance bond surety.

judgment of the trial court, which had construed every reasonable presumption in favor of the arbitration award."). Under the "no evidence" standard, we must review the evidence in the light most favorable to the non-movants, disregarding all contrary evidence and inferences; the summary judgment is improperly granted if the non-movants counter with more than a scintilla of probative evidence to raise a genuine issue of material fact. *Bailey v. Gulf States Utilities Co.*, 27 S.W.3d 713, 715 (Tex.App.—Beaumont 2000, pet. denied); Tex.R. Civ. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

■ Callahan stresses correctly that arbitration awards are favored and every presumption must be indulged in favor of upholding an award.[2] However, in a summary judgment proceeding, "such rules must yield to the degree they conflict with the presumptions in favor of a non-movant." *Tuco Inc. v. Burlington Northern R.R. Co.*, 912 S.W.2d 311 (Tex.App.—Amarillo 1995), *aff'd as modified*, 960 S.W.2d 629 (Tex.1997). So, in deciding whether Callahan's motion for summary judgment was granted properly, we must determine whether OISD, pursuant to Rule 166a(i), countered Callahan's motion with more than a scintilla of probative evidence to raise a genuine issue of material fact regarding at least one of the grounds OISD asserted in its application to vacate or modify the award.

■ We first consider the driveway failure as argued in issues five and six. The arbitrator determined that while both Callahan and the contractor were at fault with regard to the driveway failure, there was no evidence of the cost to replace the asphalt driveway. In its application to vacate, modify or correct, as well as its motion for summary judgment, OISD asserted the arbitrator made an evident mistake and violated the common law by failing to award OISD damages for the driveway's replacement, along with its associated costs and attorneys' fees because there was sufficient evidence of replacement cost.

In regard to the driveway, the arbitrator stated:

Callahan's specifications [for the asphalt driveway] did require testing of the base and subbase for proper content and compaction. The testing was apparently not conducted. While the owner/architect contract does not require the architect to make exhaustive or continuous inspections to check the quality of the contractor's work nor is the architect responsible for the contractor's means and methods, the specifications did require testing. Callahan failed to verify that the testing was performed and that the test results complied with its specifications. While Callahan and the contractor were both at fault with

---

2. Because arbitration is favored as a means of dispute resolution both statutorily and under common law, courts indulge every reasonable presumption in favor of upholding the award. *See City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *House Grain Co. v. Obst*, 659 S.W.2d 903, 905 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). An arbitration award has the same effect as the judgment of a court of last resort, and a trial court reviewing the award may not substitute its judgment for the arbiters' merely because it would have reached a different conclusion. *City of Baytown*, 886 S.W.2d at 518. Review of an arbitration award is narrow. It may not be vacated even if there is a mistake of fact or law. *Jamison & Harris v. National Loan Investors*, 939 S.W.2d 735, 737 (Tex.App.—Houston [14th Dist.] 1997, writ denied).

regard to the driveway failure, there was no evidence with regard to the cost to replace the asphalt driveway.

The summary judgment evidence before the trial court included portions of architect Stan Cromartie's arbitration testimony, as well as that of Mike Gentry, OISD's assistant superintendent for finance and support services. Cromartie stated concrete was used to fix the failed driveway because of a desire to solve the problem. Concrete, which had been the original recommendation in a geotechnical report done on the site, was a "much better performing material than asphalt" and would require less maintenance. He further testified that $49,400 was the bid for replacing the driveway, while $4,603.05 was the cost of designing and providing construction services for the concrete driveway's installation. Gentry testified that the concrete replacement driveway cost was $49,400, with additional sums of $4,025 and $1,391 being spent for pavement designs and testing, respectively. Gentry was not aware that OISD ever had any estimates prepared to determine the driveway's replacement cost using asphalt rather than concrete. In addition, OISD never had estimates prepared to determine what the cost of repairing, rather than replacing, the driveway would be.

We find OISD's evidence regarding the driveway's replacement cost, pursuant to Rule 166a(i), is more than a scintilla of probative evidence that raises a genuine issue of material fact regarding whether the arbitrator, having found Callahan at fault for the driveway's failure, made an evident mistake or violated the common law by failing to award OISD damages for the driveway's replacement, along with its associated costs and attorneys' fees and by including in the award any additional fees to Callahan attributable to the driveway. Thus, we remand this cause for the trial court's consideration of whether the arbitrator made an evident mistake or violated the common law by failing to award OISD damages for the driveway's replacement, along with its associated costs and attorneys' fees, and by including in the award any additional fees to Callahan attributable to the driveway, and sustain issues five and six to this extent only. We make no determination of OISD's evidence other than it is more than a scintilla. *See Merrell Dow Pharmaceuticals, Inc.*, 953 S.W.2d at 711; Tex.R. Civ. P. 166a(i).

■ In issue three, OISD maintains the arbitrator exceeded her statutory authority and violated public policy in awarding Callahan additional architectural fees, prejudgment interest and attorneys' fees because such a payment would violate Art. III, sections 44 and 53 of the Texas Constitution. OISD does not show where this issue was raised before the arbitrator. OISD was required to raise it at arbitration to avoid waiver. *See Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 232 (Tex.App.—Houston [14th Dist.] 1993, writ denied)(quoting, with approval, *Marino v. Writers Guild of Am., East, Inc.*, 992 F.2d 1480, 1484 (9th Cir.1993) in which the Ninth Circuit stated: "a party may not sit idle through an arbitration procedure and then collaterally attack that procedure on grounds not raised before the arbitrator when the result turns out to be adverse. This rule extends even to questions such as arbitrator bias, that go to the very heart of arbital fairness." (citation omitted)). Issue three is overruled.

■ In issue four, OISD contends the arbitrator exceeded her statutory authority and violated public policy by failing to enforce the parties' memorandum of understanding, which is asserted by OISD to preclude an award to Callahan of additional architectural fees, expenses, prejudgment interest and attorneys' fees. The

memorandum's stated purpose was to resolve all issues and establish a procedure for bringing the construction project to closure. Pursuant to that end, Callahan agreed not to submit any additional fees and expenses to OISD "beyond those already paid, or those agreed upon but unpaid." The arbitrator considered the memorandum to be in the nature of a settlement agreement that was not effectuated by the parties. As she explained:

> Callahan performed extra services pursuant to the contractual provisions of Callahan's contract with OISD. There was no dispute that Callahan performed the services and earned the fees reflected in the basic services and extra services provisions of the owner/architect contract. The District's defense was that the Memorandum of Understanding constituted an agreement by Callahan to waive his fees for the extra services. The Memorandum of Understanding was in the nature of a settlement agreement to bring closure to the project and settle all issues between the parties. The parties did not effectuate the settlement agreement. The project was not closed. The contractor did not complete the work, the District did not forego its claims against Callahan, and Callahan did not waive its fees against OISD.

OISD argues that the arbitrator lacked the authority to abrogate or nullify a binding agreement between the parties to the arbitration and that her action in doing so constitutes a violation of public policy. Essentially, OISD disagrees with the arbitrator's interpretation of the memorandum of understanding but offers no evidence or authority to counter the arbitrator's conclusion that the memorandum was in the nature of a settlement agreement that was not effectuated by the parties. OISD cites two cases in its argument under issue four, *Foster v. Wagner*, 343 S.W.2d 914, 917 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.), and *Mobil Oil Corp. v. Waste Systems, Inc.*, 703 S.W.2d 386, 389 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.). Neither is an arbitration case, and neither aid OISD's argument on issue four, which we overrule.

In issues one and two, OISD complains that the trial court erred, as a matter of law, in granting Callahan's motion for summary judgment and denying OISD's motion because OISD established statutory and non-statutory grounds warranting vacutur or modification of the arbitrator's award. In its briefing of issues one and two, OISD neither makes independent arguments nor cites additional authorities for these issues, but merely refers us to the arguments and authorities presented in issues three, four, five and six. As we have already considered those issues and their supporting authorities and arguments, we need not consider issues one and two.

Accordingly, we reverse in part the trial court's judgment in favor of Callahan and remand this cause for the trial court's consideration of whether the arbitrator made an evident mistake or violated the common law by failing to award OISD damages for the driveway's replacement, along with its associated costs and attorneys' fees, and by including in the award any additional fees to Callahan attributable to the driveway.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.