Reversed and Remanded and Memorandum Opinion filed September 30, 2004









Reversed and Remanded and Memorandum Opinion filed
September 30, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00224-CV

____________

 

ANCHOR PAVING
COMPANY, INC. d/b/a ANCHOR, INC., Appellant

 

V.

 

WOOD ELECTRICAL
SERVICES, INC.,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 759,478

 



 

M E M O R A N D U M   O P I N I O N








Wood Electrical Services, Inc. (“Wood”)
filed suit seeking confirmation of an arbitration award.  Anchor Paving Company, Inc. (“Anchor”) filed
counterclaims seeking to have the arbitration vacated, corrected, or
modified.  Pursuant to Wood’s no-evidence
motion for summary judgment, the trial court entered a final judgment awarding
the amount of the summary judgment to Wood and disposing of Anchor’s
counterclaims.  In three issues, Anchor
contends that (1) the trial court erred in granting Wood’s motion under the
no-evidence summary judgment standard, (2) the trial court erred in granting
Wood’s motion under the traditional summary judgment standard, and (3) the
trial court erred in granting more relief than requested.  We reverse.

FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 1999, Wood subcontracted to
perform electrical work for Anchor.  A
dispute arose in which Anchor contended that Wood was liable for
non-performance and defective performance, and Wood contended that Anchor was
liable for breach of contract and unjust enrichment.  On June 27, 2000, the parties agreed to
arbitrate their dispute.

The arbitrator scheduled the hearing for
February 8, 2001.  On January 25, 2001,
Anchor requested that the hearing be postponed. 
The arbitrator granted the request, rescheduling the hearing for March
23, 2001.  On March 20, 2001, Anchor
requested that the hearing be postponed, and the arbitrator rescheduled the
hearing for August 16, 2001.  On August
7, 2001, Anchor requested that the hearing be postponed, and the arbitrator
rescheduled the hearing for September 12, 2001.

On September 12, 2001, the arbitration
hearing was held.  Each party was given
one and one-half hours for their case-in-chief and fifteen minutes for closing
arguments.  During the course of the
hearing, Anchor argued that it needed to subpoena three additional witnesses
and requested either that the hearing be adjourned or that an additional
half-day be scheduled.  The arbitrator
denied the request.

On October 22, 2001, the arbitrator issued
an award in favor of Wood.  








Wood filed suit in the county court,
seeking confirmation of the award.  
Anchor filed counterclaims seeking to have the award vacated, corrected,
or modified.  Wood filed a no-evidence
motion for summary judgment, asserting that Anchor had “no evidence of any of
the elements of its counterclaim[,] . . . no evidence that the award should be
set aside, modified, or vacated, no evidence that the arbitrator engaged in
wilful misconduct, and no evidence that [it] was denied unlawfully an
additional hearing session.”  The trial
court entered a final judgment awarding Wood the amount of damages in the award[1]
and denying Anchor’s counterclaims.

ANALYSIS

I.        Standard
of Review

Anchor first raises a concern about
whether Wood’s motion for summary judgment should be reviewed under the
no-evidence summary judgment standard or the traditional summary judgment
standard.  The Texas Supreme Court has
recently held that if evidence is attached to a motion brought under Rule
166a(i), the motion will be treated as a no-evidence summary judgment motion
and the evidence will not be considered unless it creates a fact question.  Binur v. Jacobo, 135 S.W.3d 646, 651
(Tex. 2004).  Thus, although Wood
attached evidence to its motion, we will apply the no-evidence summary judgment
standard.








A no‑evidence summary judgment
should be sustained in the following situations: (1) there is a complete
absence of proof of a vital fact, (2) the court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact.  King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 751 (Tex. 2003).  A no‑evidence
summary judgment is improperly granted if the non‑movant counters with
more than a scintilla of probative proof to raise a genuine issue of material
fact.  Id.  More than a scintilla of proof exists when
the proof “‘rises to a level that would enable reasonable and fair‑minded
people to differ in their conclusions.’” 
Id. (quoting Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997)).  Less than
a scintilla of proof exists when that which is proffered is “‘so weak as to do
no more than create a mere surmise or suspicion’”—the effect being that there
is no evidence offered.  See id.
(quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)).  We examine the evidence in the light most
favorable to the nonmovant and disregard all evidence and inferences to the
contrary.  Id.

A no-evidence motion for summary judgment
must specifically set forth the elements of the adverse party’s claim for which
there is no evidence.  Tex. R. Civ. P. 166a(i); Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  The motion
cannot be conclusory or generally allege that there is no evidence to support
the claims.  Tex. R. Civ. P. 166a cmt.; Specialty Retailers, 29
S.W.3d at 147.  A challenge to the
specificity of a no-evidence motion for summary judgment may be brought for the
first time on appeal.  Gourrier v. Joe
Myers Motors, Inc., 115 S.W.3d 570, 574 (Tex. App.—Houston [14 Dist.] 2002,
no pet.).  “A no‑evidence summary
judgment may not be granted on grounds not expressly presented to the trial
court.”  Hinkle v. Adams, 74
S.W.3d 189, 193 (Tex. App.—Texarkana 2002, no pet.); see also McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 339–42 (Tex. 1993).  

Although Wood correctly states that
arbitration is a favored means of dispute resolution and that every reasonable
presumption must be made in upholding an arbitration award, “in a summary
judgment proceeding such rules must yield to the degree they conflict with the
presumptions in favor of a non‑movant.” 
TUCO Inc. v. Burlington N. R.R. Co., 912 S.W.2d 311, 315 (Tex.
App.—Amarillo 1995), aff’d as modified, 960 S.W.2d 629 (Tex. 1997); see
also Orangefield Indep. Sch. Dist. v. Callahan & Assocs., 93
S.W.3d 124, 127 (Tex. App.—Beaumont 2001), aff’d in part and rev’d in part
on other grounds, 92 S.W.3d 841 (Tex. 2002).[2]








II.       Evidence


In its first issue, Anchor contends the
trial court erred in granting a no-evidence summary judgment because (1) Wood’s
motion lacked the specificity required by Rule 166a(i), and (2) Anchor produced
more than a scintilla of evidence to support its claims.

The first two no-evidence statements in
Wood’s motion—that Anchor had “no evidence of any of the elements of its
counterclaim” and “no evidence that the award should be set aside, modified, or
vacated”—were general challenges to Anchor’s claims.  They are thus not specific enough to support
the summary judgment.  See Tex. R. Civ. P. 166a(i); see also
id. cmt. (“[P]aragraph (i) does not authorize conclusory motions or
general no‑evidence challenges to an opponent’s case.”); cf. Gourrier,
115 S.W.3d at 574 (holding a motion was sufficiently specific because
“[a]lthough the [movant] challenged 41 elements or combinations of elements in
[the non-movant’s] causes of action, it referenced the specific page and
paragraph numbers of his petition where each of these identified elements were
alleged”).

Anchor presented sufficient evidence to
counter Wood’s third no-evidence statement—that Anchor had “no evidence that
the arbitrator engaged in wilful misconduct.” 
To constitute “misconduct” justifying vacation of an arbitration award,
an act must so affect the rights of a party as to deprive it of a fair hearing.  See IPCO-G.&C. Joint Venture v. A.B.
Chance Co., 65 S.W.3d 252, 258 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied); see also Mullinax, Wells, Baab & Cloutman, P.C. v. Sage,
692 S.W.2d 533, 536 (Tex. App.—Dallas 1985, writ ref’d n.r.e.) (applying Texas
common law).  An arbitrator can commit
misconduct by preventing a party from presenting evidence.  See Gulf Coast Indus. Workers Union
v. Exxon Co., USA, 70 F.3d 847, 850 (5th Cir. 1995) (applying the Federal
Arbitration Act).[3]








In the affidavit presented by Anchor, its
representative stated he had personal knowledge that the arbitrator prevented
Anchor from presenting impeaching evidence, refused to schedule an additional
hearing after Anchor explained its need to present additional evidence, and
refused to allow an additional hearing after Anchor explained that the National
Arbitration Forum had interfered with Anchor’s attempts to subpoena witnesses
because of a fee dispute between Anchor and the Forum.[4]  This affidavit was not conclusory on these
points and therefore constitutes more than a scintilla of evidence that the
arbitrator’s acts deprived Anchor of a fair hearing.  We cannot consider the evidence Wood cites to
the contrary, such as the arbitrator’s order stating that the arbitrator had
granted three of Anchor’s requests for postponement and that Anchor had made no
effort to pay the subpoena fees for the witnesses it wanted subpoenaed.[5]  See Blan v. Ali, 7 S.W.3d 741,
747 (Tex. App.—Houston [14th Dist.] 1999, no pet.); Lampasas v. Spring
Center, Inc., 988 S.W.2d  428, 432
(Tex. App.—Houston [14th Dist.] 1999, no pet.). 
Because Anchor presented more than a scintilla of evidence of arbitrator
misconduct, this claim does not support the summary judgment.  See Blan, 7 S.W.3d at 747; Lampasas,
988 S.W.2d at 432.








Although Wood raises additional grounds to
support the summary judgment—that Anchor’s counterclaims were untimely filed
and that there was no evidence of miscalculation—these grounds were not raised
in the motion for summary judgment and we cannot consider them here.  See McConnell, 858 S.W.2d at
339–42; Hinkle, 74 S.W.3d at 193. 
Anchor’s first point of error is sustained.  Since this issue disposes of the appeal, we
need not address the remaining issues.

We reverse the judgment of the trial court
and remand the case.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 30, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

 











[1]  We note that a
party may never move for a no-evidence summary judgment on a cause of action
for which it has the burden of proof.  See
Nowak v. DAS Inv. Corp., 110 S.W.3d 677, 680 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  The trial court
would thus have been precluded from awarding the amount of damages in the
arbitration award and thereby effectively confirming it.  Anchor does not make this argument, however, nor does it
affect our decision.  





[2]  Typically we
do not see an appeal of a summary judgment order; instead, we review the
confirmation of an arbitration award.  In
that circumstance, we would review the award very deferentially and indulge
every reasonable presumption in favor of the award and none against it.  CVN Group, Inc. v. Delgado, 95 S.W.3d
234, 238 (Tex. 2002).  The award would
have the same effect as a judgment of a court of last resort and we could not
substitute our judgment for the arbitrator’s merely because we would have reached
a different conclusion.  Porter &
Clements, L.L.P. v. Stone, 935 S.W.2d 217, 221 (Tex. App.—Houston [1st
Dist.] 1996, no writ). 





[3]  The language
of the Federal Arbitration Act (“FAA”) differs from the Texas Arbitration Act
(“TAA”) in that it lists acts which can constitute misconduct.  The FAA provides for vacature “where the
arbitrators were guilty of misconduct in refusing to postpone the hearing, upon
sufficient cause shown, or in refusing to hear evidence pertinent and material
to the controversy; or of any other misbehavior by which the rights of any
party have been prejudiced.”  9 U.S.C. §
10.  

Although the TAA also provides for
vacature if the arbitrator “refused to postpone the hearing after a showing of
sufficient cause for the postponement” or “refused to hear evidence material to
the controversy,” those grounds are not listed as examples of misconduct, see
Tex. Civ. Prac. & Rem. Code §
171.088(a)(3)(B)–(C); arbitrator misconduct is included under a different
subsection, see id. § 171.088(a)(2). 
It does not appear the legislature intended the separate grounds for
vacature provided in section 171.088 to be mutually exclusive, however.  Compare id. § 171.088(a)(1) (providing
for vacature of an “award obtained by corruption”), with id. §
171.088(a)(2)(B) (providing for vacature in the case of “corruption in an
arbitrator”).  Refusal to postpone a
hearing after a showing of sufficient cause for postponement or failure to hear
material evidence can constitute misconduct if the act so affects the right of
a party so as to deprive it of a fair hearing. 
See IPCO‑G.&C., 65 S.W.3d at 258.





[4]  Wood did
address this issue that Anchor was denied an additional hearing session,
listing it as a claim for which Anchor had no evidence.  However, 
the denial of an additional hearing session was merely one instance of
arbitrator misconduct alleged by Anchor; it was not an essential element of any
of Anchor's counterclaims.  Additionally,
we have already held that Anchor raised a fact issue on whether the arbitrator
wrongfully denied an additional session. 
Thus this claim also will not support the judgment.





[5]  If Wood had
filed a motion to confirm the arbitration award we could consider all the
evidence and could have indulged all reasonable presumptions in favor of the
award, just as the trial court would have. 
See CVN Group, 95 S.W.3d at 238.