In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00043-CV


______________________________




IN THE INTEREST OF S.J., A.J., I.J., AND I.J., CHILDREN





 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 33101




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jonathan and Jasmane Jeffery appeal from the termination of their parental rights to S.J., A.J.,
I.J., and I.J. They contend that the trial court abused its discretion by failing to appoint, upon a
finding of indigency, separate trial counsel for each parent. 

I. Contention of the Parents

 The contention is that the father and mother had an inherent conflict of interest regarding
their legal defenses to the allegations made by the Department of Family and Protective Services
(Department) in its effort to terminate their rights. In short, Jasmane was accused of using
marihuana and cocaine, and of stealing to pay for her habit when she had no other way to obtain the
illegal substances and accused of negligently supervising her children at times when she was
allegedly seeking additional drugs.

 Jonathan faced no such accusations and tested negative for all illicit substances in several
drug screens. The evidence showed that he continued to attempt to get his wife into rehabilitation,
and he stated numerous times that he wanted the family to be reunified. He opposed her drug use,
and there was evidence that he demanded that Jasmane not engage in such activities around the
children. Further, he did not live with Jasmane and the children during the entire pendency of this
case. As grounds for terminating his parental rights, the trial court found that Jonathan knowingly
placed or allowed the children to remain in conditions or surroundings which endangered their
physical or emotional well-being, engaged in conduct or knowingly placed the children with persons
who endangered them, and failed to comply with the provisions of a court order to have the children
returned from the Department. Neither parent argues that the evidence is insufficient or that counsel
was ineffective. 

II. Standard of Review 

 The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action; rather, it is a question of whether the court
acted without reference to any guiding rules or principles, and the mere fact that a trial court may
decide a matter within its discretionary authority different than an appellate judge does not
demonstrate such an abuse. Holtzman v. Holtzman, 993 S.W.2d 729 (Tex. App.--Texarkana 1999,
pet. denied) (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985)).

III. The Procedure

 The Jefferys are indigent. Lori Chism was originally appointed as counsel to represent both
parents. At the final permanency hearing, on September 11, 2008, she informed the trial court that
she desired to be removed from the case 

 I'm asking to be let off this case and to appoint somebody else to represent the
parents. They have not been satisfied with my representation. And they have both
yelled at me today, and I have tried and tried and tried. And, Your Honor, we're not
making any progress. 

The court then appointed another attorney who was present, Charles Cobb, to represent both parents. 
Counsel stated he wanted to make it clear that he had represented Jasmane Jeffery in a different
matter in another court, but that he was aware of no conflict. The court then asked the parties if there
was "any conflict between the two of you that would cause you to need different lawyers in this
thing?" Both answered "no." The court then directed a trial date to be set, and ultimately recessed
the proceeding. The trial on the merits was conducted February 12, 2009. 

IV. Preservation of Error 

 The principal case addressing this issue is In re B.L.D., 113 S.W.3d 340 (Tex. 2003). The
court pointed out that in a suit filed by a governmental entity Section 107.013(a)(1) of the Texas 
Family Code requires a court to appoint counsel to an indigent parent who opposes termination of
his or her parental rights. Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon 2008). The court stated: 

 In a termination suit against two parents, both may be entitled to appointed counsel. 
In that circumstance, the statute provides that if "the court finds that the interests of
the parents are not in conflict, the court may appoint a single attorney ad litem to
represent the interests of both parents." Id. § 107.013(b). The statute therefore
implicitly provides that indigent parents who face termination of their parental rights
in the same suit are entitled to nonconflicted counsel. 


B.L.D., 113 S.W.3d at 346. 

 The Texas Family Code also provides that indigent parents who are defendants in the same
termination lawsuit are entitled to nonconflicted counsel. Tex. Fam. Code Ann. § 107.013(b)
(Vernon 2008). If the court finds the interests of the parents are not in conflict, the court may
appoint an attorney to represent their interests. In deciding whether there is conflict between parents
opposing termination in a single lawsuit requiring separate counsel, the trial court must determine
whether there is a substantial risk that counsel's obligations to one parent would materially and
adversely affect his or her obligations to the other parent. B.L.D., 113 S.W.3d at 343; see In re
K.M.H., 181 S.W.3d 1, 11 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (analyzing possible
conflict in context of an ineffective assistance of counsel claim).

 A major distinction in this case and B.L.D. is that in B.L.D. the parents sought separate trials
as a remedy for a conflict of interest between them. They did not demand separate counsel, but
sought the separate trials as a way to remedy the conflict that existed. The appellate court found their
motion sufficient to make the trial court aware of the nature of their complaint, and thus sufficient
to preserve their complaint regarding a right to nonconflicted counsel by their motion for separate
trials. B.L.D., 113 S.W.3d at 344-45. The court also noted that it did not condone the notion that
separate trials could have remedied counsel's own ethical obligation to avoid a conflict of interest
in his joint representation. Id. at 346.

 In the present case, error was not preserved. Neither party perceived a conflict between them,
and counsel was aware of only one possibility of a conflict having to do with the mother's criminal
proceeding in which he was representing her. The court asked the proper questions, and the
information received did not apprise the trial court of any possible conflicts of interest. No
complaint was ever brought to the trial court's attention about the joint trial or about Cobb's
representation of both mother and father. Counsel is thus now in the position of arguing that we
should consider a claim of error that has not been preserved for our review. 

 The complaint is constitutional in nature. However, constitutional rights may be waived
depending on the nature of the right, and in B.L.D., the Texas Supreme Court discussed preservation
in the context of parental rights termination cases. The court recognized that termination cases
implicate fundamental liberties, thus requiring compliance with procedural due process. 

 As discussed above, this Court's precedents establish that our procedural rules bar
review of unpreserved error except in very narrow circumstances. We have followed
this rule when other constitutional rights are at stake. See, e.g., Callahan & Assocs.
v. Orangefield Indep. Sch. Dist., 92 S.W.3d 841, 845 (Tex. 2002) (per curiam)
(concluding that court of appeals correctly held that litigant waived constitutional
claim by not raising it at arbitration); Southwestern Elec. Power Co. v. Grant, 73
S.W.3d 211, 222 (Tex. 2002) (refusing to consider constitutional open-courts claim
that was not preserved in trial court). Moreover, we have declined to review
unpreserved complaints even when a parent's constitutional interests are implicated. 
See Sherry, 46 S.W.3d at 861. 

B.L.D., 113 S.W.3d at 352.

 Ultimately, the court concluded, after balancing various interests and considering the
purposes of the rules and statutes involved, that error must be preserved even in parental rights
termination cases, and that when not preserved, the court of appeals errs by considering such a claim. 
Although not directly on point, as the type of error alleged was charge error, the principles discussed
in B.L.D. illustrate that the constitutional dimension of this proceeding does not necessarily outweigh
the procedural preservation requirements. 

V. Conclusion 

 We conclude that before this claim may be raised on appeal, the complaint must have been
brought to the attention of the trial court. See Tex. R. App. P. 33.1. In this instance, no objection
or request was made that would have put the court on notice that any problem existed, and when the
court raised the matter before appointing Cobb, consent was unanimous. It further does not appear
that any conflict requiring separate counsel was ever brought to the attention of the trial court, and
the court was never asked to order either separate trials or to appoint separate counsel. Under these
circumstances, we find that the issue was not preserved for appellate review.

 We affirm the judgment.



 Jack Carter

 Justice


Date Submitted: July 15, 2009

Date Decided: July 16, 2009



henUsed="false" Name="Medium Grid 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00090-CV

                                                ______________________________

 

 

 

                                                     IN
RE:  DAVID W. NIENAS

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            While incarcerated, David W. Nienas
sued two Texas Department of Criminal Justice employees for willful theft of
[his] legal work.  Nienas claims that he
filed the following pleadings:  a motion
for Attorney to Show Authority, Rebuttal Response to Defendants[] Motion
to Quash Service, objection to a decision made by the Honorable Judge . . .
where she denied my request for the trial to be by jury, Rebuttal Response to
Defendants[] Original Answer and Jury Demand, Amended Rebuttal Response to
Defendants[] Original Answer and Jury Demand, Amended Motion for Attorney to
Show Authority, and a Rebuttal Response to Defendants[] Motion to Dismiss
Pursuant to Chapter 14.  He alleges that
despite several letters to the trial court and motion[s] for hearing, no
hearings on his motions have been set. 
Nienas brings this pro se petition for writ of mandamus asking us to
compel the trial judge to have a hearing to address all motions.   

            Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  Due to the nature of this remedy, it is
Nienas burden to properly request and show entitlement to mandamus
relief.  See generally Johnson v.
Fourth Dist. Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding); Barnes v. State, 832
S.W.2d 424, 426 (Tex. App.Houston [1st Dist.] 1992, orig. proceeding) (Even a
pro se applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.). 

            Consideration of a motion that is
properly filed and before the court is a ministerial act. State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App.
1987).  However, Nienas must show that
the trial court received, was aware of, and was asked to rule on the motion.  In re
Grulkey, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.Houston
[14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing In re Villarreal, 96 S.W.3d 708, 710
(Tex. App.Amarillo 2003, orig. proceeding)). 
All but two of Nienas handwritten pleadings fail to contain a file-stamp
mark indicating that they were filed. 
There are no envelopes or other indication in the record that the trial
court actually received these pleadings. 


            Only two of the pleadings, a
rebuttal response to defendants motion to quash service and amended motion for
attorney to show authority bear February 1, 2010 and March 8, 2010, file-stamp
marks, respectively.  However, [f]iling
something with the district clerks office does not mean the trial court is
aware of it; nor is the clerks knowledge imputed to the trial court.  Id.
(citing Villarreal, 96 S.W.3d at 710 n.2); see also In re Blakeney, 254 S.W.3d 659,
662 (Tex. App.Texarkana 2008, orig. proceeding) (Showing that a motion was
filed with the court clerk does not constitute proof that the motion was
brought to the trial courts attention or presented to the trial court with a
request for a ruling.). 

            In order to demonstrate the trial
courts knowledge of all of the pleadings, Nienas attaches letters addressed to
the district clerk and trial judge urging the court to rule.  These letters also fail to contain any file
mark, or other proof that they were sent. 
Because Nienas cannot meet his burden to demonstrate the trial court
received, was aware of, and was asked to rule on his pleadings, we must deny
his petition for writ of mandamus.  

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          September 14, 2010

Date
Decided:             September 15, 2010