CALLAHAN & ASSOCIATES,
Petitioner,

v.

ORANGEFIELD INDEPENDENT
SCHOOL DISTRICT,
Respondent.

No. 01–0993.

Supreme Court of Texas.

Dec. 19, 2002.

Scott Lyford, Mills Shirley Eckel & Bassett, Galveston, for Petitioner.

Tanner T. Hunt, S. Scott Boyd, Wells Peyton Greenburg & Hunt LLP, Beaumont, for Respondent.

PER CURIAM.

The issue here is whether the court of appeals erred in reversing, in part, the trial court's summary judgment confirming the arbitrator's award in Callahan & Associates' favor. Specifically, the court of appeals held that a fact issue existed about whether the arbitrator "made an evident mistake or violated the common law" by refusing to award damages to Orangefield Independent School District (OISD) for the costs it incurred to replace a defective driveway Callahan designed. We disagree with the court of appeals. Accordingly, we reverse in part and affirm in part the court of appeals' judgment and render judgment for Callahan.

OISD hired Callahan, a Fort Worth architectural firm, to provide architectural services for an elementary school construction project. Their contract describes certain "basic" and "additional" services, and it requires OISD to pay Callahan specified fees for both. The contract also contains an arbitration clause that requires the parties to arbitrate any disputes arising from the agreement.

After the project was substantially complete, OISD discovered numerous problems with the work. The primary dispute involves an asphalt driveway that developed soft spots and then cracked, buckled, and broke when school buses drove over it.

OISD and Callahan executed a Memorandum of Understanding to resolve all disputes and thus bring the project to a close. However, several months after signing the agreement, OISD sued Callahan for breach of contract and negligence.

Callahan asserted counterclaims against OISD, seeking fees for additional services it performed. Upon motion, the trial court stayed its proceedings to allow the parties to arbitrate as their contract's arbitration clause requires.

In the arbitration proceeding, Callahan sought unpaid fees from OISD for the basic and additional services it allegedly performed on the driveway. OISD sought damages from Callahan for several matters, including the cost to replace the asphalt driveway. OISD presented evidence that it paid $49,400 to replace the defective asphalt driveway with a concrete driveway. The parties did not dispute that a concrete driveway is more expensive than an asphalt one. However, OISD offered no evidence about how much it would have cost to repair the defective asphalt driveway or install a new asphalt driveway.

The arbitrator denied OISD's claims, but determined that Callahan's fees claim for additional services it performed had merit. Thus, the arbitrator ordered OISD to pay Callahan $89,706.95. The arbitrator's written "Reasons for Award" states that OISD could not recover damages for its cost to replace the defective driveway because, although "Callahan and [the prime contractor] were both at fault with regard to the driveway failure, there was no evidence with regard to the cost to replace the asphalt driveway." Moreover, the arbitrator explained why Callahan received additional-services fees in the award. Neither party disputed that Callahan performed the services and earned the fees reflected in the contract's "basic" services and "extra" services provisions. However, the parties did dispute whether the Memorandum of Understanding they executed after the driveway dispute began was a binding agreement that required Callahan to waive its fees for the addition-

al services it performed. Though the arbitrator interpreted the Memorandum of Understanding as a settlement agreement, the arbitrator concluded that the parties did not "effectuate" the Memorandum of Understanding because the project did not close and all work was not completed as the memorandum required. Accordingly, the arbitrator determined that the Memorandum of Understanding did not preclude Callahan from claiming additional fees under the original contract.

The trial court severed the arbitrated claims from the underlying suit, and OISD filed an application to vacate, modify, or correct the arbitrator's award. Also, both parties filed summary judgment motions. OISD's summary judgment motion—like its application to vacate, modify, or correct—argued that, as a matter of law, the arbitrator exceeded her powers, made evident mistakes, and violated the common law in awarding damages to Callahan and denying damages for OISD. Thus, OISD requested that the trial court vacate the part of the arbitrator's award granting Callahan additional fees and modify the award to require Callahan to pay the cost OISD incurred to replace the defective driveway. On the other hand, Callahan's summary judgment motion argued that no reasons existed for the trial court to vacate or modify the arbitrator's award, and therefore, the trial court should render judgment confirming the award. The trial court granted Callahan's motion and rendered a judgment confirming the arbitrator's award.

In the court of appeals, OISD argued that the arbitrator made an "evident mistake and violated the common law" by not awarding OISD damages to replace the defective driveway. 93 S.W.3d at 127. The court of appeals concluded that the record contained more than a scintilla of evidence about the driveway's replacement cost to raise "a genuine issue of material fact regarding whether the arbitrator, having found Callahan at fault for the driveway's failure, made an evident mistake or violated the common law by failing to award OISD damages for the driveway's replacement...." 93 S.W.3d at 128. Thus, the court of appeals reversed, in part, the trial court's summary judgment and remanded the case to the trial court to resolve the fact issue about OISD's driveway damages. 93 S.W.3d at 129.

Next, the court of appeals considered OISD's contention that the arbitrator "exceeded her authority" and "violated public policy" by awarding Callahan fees for the additional services. 93 S.W.3d at 128. Specifically, OISD argued that the additional-fees award violated the Texas Constitution. The court of appeals concluded that OISD waived this argument because it was not raised when Callahan requested these damages during the arbitration. 93 S.W.3d at 129. Accordingly, the court of appeals affirmed the part of the trial court's judgment affirming the arbitrator's award that compensated Callahan for the additional services performed on the driveway.

Both parties petitioned this Court for review. Callahan asks us to reverse the court of appeals' judgment remanding the driveway damages issue, because the court of appeals had no authority to disturb the award. In response, OISD contends the court of appeals correctly remanded the case, because there is a fact issue about whether the arbitrator's failure to award driveway damages was an "evident mistake" under section 171.091 of the Texas Arbitration Act (the Act) or a "violation of [the] common law" gross mistake standard. OISD bases its contentions under the Act and common law solely on the fact that the arbitrator recognized Callahan's liability for the original driveway's failure,

but neglected to award damages despite the record evidence about the costs OISD incurred to replace the driveway. Finally, as it argued in the court of appeals, OISD asks us to reverse the award to Callahan for additional services, because it violates the Texas Constitution.

Neither party disputes that the Act governs the contract. *See* TEX. CIV. PRAC. & REM.CODE § 171.001. The Act requires a court to confirm an arbitrator's award upon a party's application unless a party offers grounds for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM.CODE § 171.087. The statutory grounds allowing a court to vacate, modify, or correct an award are limited to those the Act expressly identifies. *See* TEX. CIV. PRAC. & REM.CODE §§ 171.088(a), 171.091(a).

■ The court of appeals held that a material fact issue existed about whether the arbitrator "made an evident mistake or violated the common law by failing to award OISD damages for the driveway's replacement...." 93 S.W.3d at 128. But, contrary to OISD's assertion, the Act does not allow a reviewing court to modify or correct an award based on an arbitrator's "evident mistake" in failing to award damages. Rather, the Act only permits a court to modify or correct an award that contains an "evident miscalculation of figures" or an "evident mistake in the description of a person, thing, or property referred to in the award." TEX. CIV. PRAC. & REM.CODE § 171.091(a)(1). Similarly, assuming without deciding that OISD may rely on the gross mistake standard under the common law to attack the arbitrator's award, an arbitrator does not violate the common law simply by failing to award damages. *See Teleometrics Int'l, Inc. v. Hall*, 922 S.W.2d 189, 193 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (Gross mistake, as a common law ground for setting aside an arbitration award, is a mis-

take that implies bad faith or failure to exercise honest judgment.). Because an arbitrator's mere failure to award damages is not a ground under the Act or the common law for modifying or correcting an award, we hold that the court of appeals erred in reversing, in part, the trial court's summary judgment confirming the arbitration award. *See* TEX. CIV. PRAC. & REM.CODE §§ 171.087; 171.091(a), (c).

■ OISD's cross-petition argues that our Constitution prohibits public entities from granting extra compensation to a contractor for services for which the contractor already received compensation. *See* TEX. CONST. art. III §§ 44, 53. Therefore, according to OISD, the arbitrator exceeded her authority by awarding Callahan damages for its additional services. TEX. CIV. PRAC. & REM.CODE § 171.088(a)(3)(A). The court of appeals concluded that OISD waived the constitutional argument, because OISD never raised it during the arbitration. *See* 93 S.W.3d at 128. In response, OISD asks this Court not to find waiver simply because OISD did not raise the issue during the arbitration. According to OISD, it sufficiently raised the issue to the arbitrator by arguing that the Memorandum of Understanding precluded Callahan from recovering fees for the additional services. We disagree.

During the trial court and arbitration proceedings, Callahan sought fees for the additional services performed. However, the record shows that OISD only relied upon the Memorandum of Understanding, not any constitutional provisions, as a defense to paying the fees. Thus, we agree with the court of appeals' holding that OISD waived this issue.

We conclude that the court of appeals erroneously remanded this case to the trial court to consider whether the arbitrator "made an evident mistake or violated the

common law" by refusing to award OISD damages for replacing the driveway. Further, we conclude that the court of appeals correctly held that OISD waived its constitutional argument. Accordingly, without hearing oral argument, we reverse in part and affirm in part the court of appeals' judgment and render judgment for Callahan. *See* Tex.R.App. P. 59.1.

Justice SMITH did not participate in this decision.