**Opinion filed July 2, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00336-CV

————

## AVRA OIL COMPANY AND SAEED AFGHAHI, Appellants

## V.

## EUROLINK PETROLEUM, L.L.C. AND HI-MOUNTAIN ENERGY CORP., Appellees

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 5578**

### M E M O R A N D U M   O P I N I O N

Eurolink Petroleum, L.L.C. and Hi-Mountain Energy Corp. brought suit against Avra Oil Company and Saeed Afghahi alleging several causes of action concerning oil and gas leases in which the parties were working interest owners. The parties agreed to submit their disputes to arbitration. The arbitrator found that from May 1, 1998, through September 30, 2001, Avra was the operator of both the Elizabeth Estes and Woodward C leases pursuant to an oral agreement. The arbitrator further found that beginning October 1, 2001, Avra had no authority to operate the leases and that from that date there was no operating agreement in effect. The arbitrator rendered a Corrected

Arbitration Award on September 23, 2004, along with a Corrected Statement of Reasons. The arbitrator ordered the parties to account to each other in accordance with the Corrected Statement of Reasons. The trial court entered an order on May 12, 2006, in which the trial court sent the parties back to arbitration to finalize accounting and calculation of monies owed as of April 30, 2004. Pursuant to the trial court's order, the arbitrator issued another arbitration award dated February 12, 2007. Both parties filed a Motion to Confirm the arbitration awards. The trial court held a hearing on the motions. The trial court entered judgment on August 13, 2007, in which it confirmed the arbitration award. The trial court ordered appellants to transfer all operations and well and lease filings with respect to the Estes and Woodward leases to appellees within thirty days from the date of judgment. We reverse and remand.

In the first issue on appeal, appellants argue that the trial court erred in ordering a transfer of operations to appellees when the arbitrator refused to grant such relief. A review of a trial court's decision to confirm an arbitration award is de novo, and the appellate court reviews the entire record. *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 567 (Tex. App.—Dallas 2008, no pet.). All reasonable presumptions are indulged in favor of the award, and none against it. *Id.* at 568. An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrator merely because it would have reached a different decision. *Id.*; *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex. App.—Dallas 1987, writ ref'd n.r.e). Review of an arbitration award is extraordinarily narrow. *Statewide Remodeling*, 244 S.W.3d at 568; *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied).

Eurolink and Hi-Mountain are non-operating working interest owners in several oil and gas leases. Afghahi is the sole shareholder and president of Avra. Avra was the operator of the oil and gas leases. The leases at issue in this appeal are the Estes and Woodward leases.

In the Corrected Statement of Reasons, the arbitrator stated:

**I. Claims Concerning the Estes and Woodward Leases.**

**A. Do Written Operating Agreements Govern the Estes and Woodward Leases?**

No written operating agreement, signed by Eurolink or Hi-Mountain, and covering the Estes and Woodward Leases, is in evidence in this Arbitration.

2

. . . .

**B. Was There an Oral Agreement for Operation of the Estes and Woodward Leases?**

Mr. Langwieser testified that there was a period of time during which he was agreeable to Avra operating the Estes and Woodward Leases in the absence of a written operating agreement. There is no other evidence in the record of the specific terms of that agreement. . . . Accordingly, I find that Avra was the agreed Operator of the Estes and Woodward Leases during the period of the oral agreement.

. . . .

**C. Has Avra Been Removed as Operator?**

There is no evidence in the record of any oral agreement governing operations of the Estes and Woodward Leases, other than Mr. Langwieser's testimony discussed above. However, by letter dated August 29, 2001, Eurolink and Hi-Mountain notified Avra that they no longer wished for Avra to operate the Estes and Woodward Leases. Accordingly, I find that the oral agreement pursuant to which Avra had previously operated those leases was no longer enforceable by either Party once the August 29 letter became effective. Therefore, Avra has failed to demonstrate any contractual authority to operate the Estes and Woodward Leases from and after October 1, 2001.

The arbitrator included a footnote stating, "I take judicial notice of a customary thirty-day period for orderly transfer of operations."

The trial court, in its judgment, quoted from the above paragraph in the Corrected Statement of Reasons regarding the issue of whether Avra has been removed as operator. In its judgment, the trial court then stated:

IT IS ORDERED that the arbitrator's finding with respect to the orderly transfer of operations together with the transfer of all operations and well and lease files with respect to the Estes and Woodward Leases by [Appellants] to [Appellees] is confirmed and such transfer shall occur within thirty days from the date of this judgment.

Appellants argue that the trial court, in its judgment, grants more relief than the arbitrator awarded and that it therefore changed the arbitration award on an issue when the arbitrator had denied relief on that issue.

3

Although the arbitrator provided that Avra was no longer the operator of the Estes and Woodward leases, there is no clear statement transferring operations and well and lease files to Eurolink or Hi-Mountain or to any other entity or person. The arbitrator stated that Avra has no authority to operate the Estes and Woodward leases after October 1, 2001. In its Corrected Statement of Reasons, the arbitrator then provided the following law on cotenancy:

**D. Application of Cotenancy Rules to Operation of the Estes and Woodward Leases from and after October 1, 2001.**

**1. Texas Law.**

> In the absence of an operating agreement, common lessees stand in the relation of cotenants, with each having the right to explore, drill, produce and market oil and gas from the mineral estate without the consent of the other cotenants.

The arbitrator also explained his view of the accounting procedures for cotenants.

In its May 12 order, the trial court ordered that the parties return to arbitration so that the arbitrator could settle accounting and payment matters. Before returning to arbitration, Eurolink and Hi-Mountain sent a letter to the arbitrator in which they detailed the trial court's May 12 order. Appellees provided the arbitrator with proposed calculations in the areas requested by the trial court. Appellees also requested that the arbitrator issue a "directive to transfer operations from Avra to Hi-Mountain." In the arbitrator's February 2007 award, the arbitrator did not order the transfer of operations; the arbitrator merely noted the customary period for transfer of operations. There is no modification or clarification specifically transferring operations and well and lease files for the Estes and Woodward leases to any entity or person. Because there is more than one other owner involved, we cannot say that, by implication, the arbitrator directed the transfer to any entity or person. This is more than a mistake in the description of a person or thing; it is a failure to name an operator at all. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.091(a)(1) (Vernon 2005); *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002).

TEX. CIV. PRAC. & REM. CODE ANN. 171.087 (Vernon 2005) provides that the trial court shall confirm an arbitrator's award on the motion of a party unless grounds are offered for vacating, modifying, or correcting an award under TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 or § 171.091 (Vernon 2005). These statutes limit the authority of a trial court to vacate, modify, or

4

correct an arbitrator's award. *Callahan & Assocs.*, 92 S.W.3d at 844. The record does not indicate a motion to modify or correct the arbitrator's award was filed. If a matter is submitted to the arbitrator, a trial court is without authority to modify the arbitrator's award. *Kosty v. S. Shore Harbour Cmty. Ass'n*, 226 S.W.3d 459, 465 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Monday v. Cox*, 881 S.W.2d 381, 385 (Tex. App.—San Antonio 1994, writ denied). The record shows that the arbitrator considered the issue of the operator of the Estes and Woodward leases as indicated by the finding that Avra no longer had contractual authority to operate the leases. However, the trial court modified the arbitrator's award by ordering the transfer of operations of the leases and well and lease files. The trial court erred when it modified the arbitrator's award. Appellant's first issue on appeal is sustained.

In the second issue on appeal, appellants complain that the trial court erred when it entered findings of fact and conclusions of law that "Speculated as to the Arbitrator's Intent, Incorrectly Characterized the Arbitrator's Awards, and Incorrectly Concluded That Appellants Were the Parties Trying to Change Those Awards." Appellants challenge those findings of fact and conclusions of law supporting the trial court's order transferring operations of the Estes and Woodward leases to Eurolink and Hi-Mountain. Because we find that the trial court erred when it entered an order transferring operations of the Estes and Woodward leases, we need not address this issue on appeal. TEX. R. APP. P. 47.1.

In the third issue on appeal, appellants argue that the trial court erred when it awarded relief that was inconsistent with the arbitrator's award on fees and expenses. The trial court ordered that "[a]ll costs of the Court expended or incurred in this cause are adjudged against Avra Oil Company and Saeed Afghahi." The arbitrator's award provided that, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 171.055 (Vernon 2005), "all costs, fees and expenses of this Arbitration (including the Arbitrator's fees and expenses in the amount of $29,446.34) are to be borne one-half by Eurolink and Hi-Mountain, and one-half by Avra and Afghahi." The February 12 arbitration award again provided that each party shall pay one-half of all costs, fees, and expenses of the arbitration. The February 12 award further provided that such expenses included any additional arbitrator's fees and expenses in connection with "any Order in No. 5578: Eurolink Petroleum, L.L.C., and Hi-Mountain

5

Energy Corp. v. Avra Oil Company and Saeed Afghahi; In the 118th Judicial District Court of Martin County, Texas."

The arbitrator's awards provided that each party pay one-half of the costs, fees, and expenses related to the arbitration. The trial court found that the arbitration costs were not included in the court costs awarded in the judgment. The trial court's judgment is not inconsistent with the arbitration award. However, because we find that the trial court erred in ordering the transfer of operations to Eurolink and Hi-Mountain, we remand this issue for the trial court to reconsider court costs in light of our holding.

The judgment of the trial court is reversed, and the cause is remanded.


JIM R. WRIGHT<br>
CHIEF JUSTICE

July 2, 2009

Panel consists of: Wright, C.J. and McCall, J.

Strange, J., not participating.