Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-10-00045-CV

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**,
Appellant

v.

**FRED LOYA INSURANCE AGENCY, INC.**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 351756
Honorable H. Paul Canales, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: August 4, 2010

REVERSED AND REMANDED

State Farm Automobile Insurance Company appeals the trial court's judgment vacating an arbitration award. We reverse and render judgment confirming the award.

The underlying dispute arises out of an automobile accident in which Viridiana Anderson collided with a car driven by a State Farm insured. The police officer who responded to the accident cited Anderson's failure to control her speed as the cause of the accident. After State Farm paid for

the damage to its insured's vehicle, it sought subrogation from Fred Loya Insurance Agency, Inc., contending Viridiana Anderson was covered under a policy issued to Anthony Anderson and held by Loya. Loya denied coverage, contending Viridiana Anderson was an excluded driver pursuant to a named driver exclusion endorsement to the policy. State Farm submitted its claim to arbitration with Arbitration Forums, Inc., in accordance with an agreement to which both it and Loya are signatories. At the conclusion of the arbitration proceeding, the arbitrator awarded State Farm the amount requested. The arbitrator acknowledged Loya's denial of coverage defense, but concluded he could not consider the defense because Loya had not properly pled it under the rules of the forum.

Loya timely filed an application to vacate the arbitration award on the grounds that (1) the arbitrator exceeded his authority by arbitrating a claim for which there was no coverage and (2) enforcement of the arbitration award violates Texas public policy by requiring Loya to provide coverage to an excluded driver. *See* TEX. CIV. PRAC. & REM. CODE § 171.088 (Vernon 2005). State Farm denied the grounds asserted for vacating the award. Additionally, State Farm alleged the trial court could not vacate the award because Loya did not file a complete and properly-authenticated record of the underlying arbitration. Finally, State Farm asked the court to confirm the award and to award it costs, fees, and interest pursuant to the Texas Arbitration Act and Arbitration Forums's rules.

The trial court held a short hearing where the only evidence presented was of State Farm's attorney's fees. The court concluded equity required him to vacate the arbitration award: "When you have a driver that's excluded from insurance and just because some appraiser or . . . adjustor is too stupid to put it on the right place on this thing but still points out that driver's excluded, it's not right

to be holding this insurance company liable for that money. So the motion to vacate is granted."
State Farm appeals the trial court's judgment.

## JUDICIAL REVIEW

The Texas Arbitration Act requires a court to confirm an arbitrator's award upon a party's application unless a party offers grounds for vacating, modifying, or correcting the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (Vernon 2005). The statutory grounds for a court to vacate, modify, or correct an award are limited to those expressly identified in the Act. *See id.* §§ 171.088(a), 171.091(a); *Callahan & Assocs. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002). Because Texas law favors arbitration, the trial court's review of an arbitration award is "extraordinarily narrow." *East Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). "'[A]n award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.'" *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (quoting *City of San Antonio v. McKenzie Constr. Co.*, 136 Tex. 315, 150 S.W.2d 989, 996 (1946)). We review the trial court's decision to vacate or confirm an arbitration award *de novo*. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.—Dallas 2009, pet. denied).

State Farm argues the arbitration award should have been confirmed and should not have been vacated on either of the grounds asserted by Loya. State Farm further contends the award should have been confirmed because Loya did not file a complete authenticated record of the arbitration proceedings.

## DID ARBITRATOR EXCEED HIS POWERS?

Loya argues the arbitrator exceeded his powers by refusing to consider Loya's coverage defense on the merits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (Vernon 2005)(court shall vacate arbitration award if arbitrator exceeded his powers). State Farm contends the arbitrator was merely following the rules and procedures of the forum.

Loya and State Farm are signatories to an Automobile Subrogation Arbitration Agreement. They agreed to submit automobile damage subrogation claims to binding arbitration through Arbitration Forums, Inc. and to be bound by the Articles and Rules of the forum. The principal pleading form used by Arbitration Forums is the "Contentions Sheet." The Contentions Sheet contains several sections, including one labeled "Affirmative Defenses/Pleadings" and one labeled "Contentions." Arbitration Forums Rule 2-4 provides:

> 2-4    The parties must raise and support affirmative pleadings or defenses in the Affirmative Defenses/Pleadings section of the Contentions Sheet or they are waived. If a denial of coverage is being pled (see denial of coverage definition), a copy of the denial of coverage letter to the party seeking coverage for the loss must be provided as part of the evidentiary material submitted. If provided, the case will be administratively closed as lacking jurisdiction. If not provided or where the issue concerns concurrent coverage . . . , the case will proceed to hearing wherein the arbitrator(s) will consider and rule on the coverage defense.

In addition, Rule 3-5 (a) provides:

> 3-5    The arbitrator(s) may only consider
> (a) Affirmative pleadings or Affirmative defenses included in the Affirmative Defense/Pleading section of the Contentions Sheet[.]

The parties agree that denial of coverage is an affirmative defense as used in these rules. The Reference Guide to Arbitration Forums's rules explains that there may be situations where denial

of coverage is properly pleaded on the Contentions Sheet, but the defense is not or can not be proved by a denial of coverage letter. In that circumstance, the arbitrator retains jurisdiction and decides the merits of the defense. However, the Reference Guide emphasizes that proper pleading is mandatory:

> An Affirmative defense or pleading is valid only if a party properly raises and supports it. An arbitrator cannot raise these issues for a party.
>
> . . .
>
> Last, according to Rule 2-4, and reinforced by rule 3-5 (a), the arbitrator will consider only affirmative defenses included in the Affirmative Defense/Pleading section of the contentions sheet. If the panel discovers an affirmative defense somewhere other than this section, it will inform the party in the explanation of decision of its failure to submit the defense in accordance with Rule 2-4.

*Reference Guide to Arbitration Forums' Agreements and Rules*, Rule 2-4 (Arbitration Forums, Inc., 2009).

In the arbitration proceeding, Loya filed a Contentions Sheet, but it left the Affirmative Defenses/Pleadings section completely blank. However, in the contentions section of the pleading form, Loya asserted there was no coverage for the loss because the driver was excluded from the policy. The arbitrator acknowledged in his decision that Loya had denied the claim based on a Named Driver Exclusion. However, the arbitrator ruled the defense "could not be considered" because Loya "failed to assert this as a no coverage issue in the affirmative defense section." Because Loya failed to properly plead its defense, the arbitrator was not authorized to consider the merits of the defense.

The arbitrator applied Arbitration Forums's pleading rules, to which the parties agreed to be bound. In doing so, he cannot be said to have exceeded his authority. Accordingly, we hold the arbitration award could not properly be vacated on this ground.

### DOES AWARD VIOLATE PUBLIC POLICY?

State Farm next argues the trial court erred in vacating the award on public policy grounds. "[A]n arbitration award cannot be set aside on public policy grounds except in an extraordinary case in which the award clearly violates carefully articulated, fundamental policy." *CVN Group*, 95 S.W.3d at 239. "[A]ny claimed violation of such public policy must be carefully scrutinized to protect the arbitration award from unwarranted judicial interference." *Id.* Although we agree with Loya that strong public policy considerations underlie the named-driver exclusion, the arbitration award in this case did not in any way impugn the validity of named driver exclusions. Rather, the arbitrator simply applied the pleading rules of the forum. Accordingly, we hold the arbitration award did not violate public policy.[1]

### CONCLUSION

For the reasons discussed above, the trial court erred in vacating the arbitration award. Because no motion to modify or correct the award was pending, the court should have confirmed the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(c) (Vernon 2005). Ordinarily we would reverse the trial court's judgment and render judgment confirming the arbitration award. However, because State Farm's claim for costs, attorney's fees, and interest remains pending, we remand the

---

[1] Because of our resolution of State Farm's first two issues, we need not decide its contention that the arbitration award should be confirmed on the ground that Loya did not file a sufficient record of the arbitration proceedings.

case to the trial court for consideration of those claims. We therefore reverse the judgment of the trial court and remand the case to that court with instructions to hear and decide State Farm's claim for costs, fees, and interest, and to render judgment confirming the arbitration award.

Steven C. Hilbig, Justice