

# NUMBER 13-11-00700-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JUAN VILLARREAL AND LAURA VILLARREAL,**　　　　　**Appellants,**

**v.**

**ALBERT J. HANKS D/B/A A & M CONSTRUCTION CO.,**　　　　**Appellee.**

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

By three issues, which we renumber as one, appellants Juan and Laura Villarreal

("the Villarreals") contend that the trial court erred when it granted appellee Albert J.

Hanks's d/b/a A & M Construction Co.'s, ("A & M Construction") motion to confirm an

arbitration award and denied their motion to vacate.　We affirm.

# I.   BACKGROUND[1]

The underlying dispute in this case stems from work performed under a residential construction contract entered into between the Villarreals and A & M Construction.   The Villarreals, as homeowners, contracted with A & M Construction, as contractor, to build a 3,590 square-foot home.   During construction, the Villarreals alleged, generally, that A & M Construction breached the contract because it had not performed in a good and workmanlike manner, citing specific flaws in construction.[2] The following provision was included in the contract regarding disputes:

> 13.   [A & M Construction] and [the Villarreals] both agree to resolve any conflicts or dispute in arbitration before pursuing any legal matter.

The Villarreals eventually enlisted the help of the Better Business Bureau ("BBB"). The BBB drafted—and both parties signed—an agreement for the Villarreals and A & M Construction to submit to binding arbitration to settle their contractual dispute.   After the arbitration hearing, the arbitrator outlined his decision, which denied the Villarreals' request to, among other things:   (1) remove and replace the home's hardwood floor; (2) remove and replace the marble tile in the master bathroom; and (3) change the cabinets and deep sink in the laundry/utility room. However, the arbitrator ruled in the Villarreals' favor on other complaints and ordered   A & M Construction to:   (1) polish the master bathroom tile; (2) produce a written copy of the items discussed during a recent

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[2] More specifically, the Villarreals complained, in part, that:   (1) the wood flooring was not properly installed and requested that it be replaced; (2) the marble tile in the master bathroom was not what the Villarreals ordered and should be removed and replaced at A & M Construction's expense; (3) the cabinets and deep sink in the laundry room were not as specified by the plans.

walk-through; and (3) provide all necessary documents to allow the closing of the home to proceed.

Following the arbitrator's decision, the Villarreals petitioned the trial court to vacate the arbitration award on various grounds. A & M Construction moved that the trial court confirm the award and enter judgment. The trial court denied the Villarreals' motion to vacate and granted A & M Construction's motion to confirm. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011).

## II.    VACATUR OF ARBITRATION

By one issue, the Villarreals contend that the trial court erred in declining to vacate the arbitration award.[3]

## A.    Applicable Law and Standard of Review

Arbitration is strongly favored by Texas law, and judicial review of an arbitration award is extraordinarily narrow. *See E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010) (citing *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995); *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002)); *see also In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi 2010, no pet.). Accordingly, we review a trial court's decision to vacate or confirm an arbitration award de novo, and we review the entire record. *See In re Cantu de Villarreal*, 330 S.W.3d at 17.

---

[3] For reference, the Villarreals asserted by three issues that the trial court erred for failing to vacate the arbitration award because (1) there was no agreement to submit the dispute to binding arbitration in the parties' initial construction contract; (2) the Residential Construction Liability Act pre-empts any agreement made by the parties; and (3) the arbitrator exceeded his authority by committing gross mistake and manifestly disregarding the law of construction contracts. We consolidated these three specific issues into one general issue and addressed the original issues as arguments. *See* TEX. R. APP. P. 47.1.

"Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *CVN Group*, 95 S.W.3d at 238. An arbitrator's award upon matters submitted to them is given the same effect as the judgment of a court of last resort, and all reasonable presumptions are indulged in favor of the award, and none against it. *In re Cantu de Villarreal*, 330 S.W.3d at 18 (citing *CVN Group*, 95 S.W.3d at 238). Where there is no allegation of a statutory or common law ground to vacate or modify the arbitration award, we lack jurisdiction to review the arbitrator's decision. *Id.* Pursuant to civil practice and remedies code section 171.087, unless grounds are offered for vacating an award under the sections 171.088 or 171.091 of the civil practices and remedies code, the trial court, on application of a party, shall confirm the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011).

Section 171.088 provides the following statutory grounds for which a trial court shall vacate an arbitration award:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of the party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrator:

(A) exceeded his powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

4

(C) refused to hear evidence material to the controversy;

(D) conducted the hearing, contrary to sections 171.044–.047 of the civil practice and remedies code, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under [statutes to compel arbitrations], and the party did not participate in the arbitration hearing without raising the objection.

*See id.*

## B. Discussion

### 1. Agreement to Arbitrate

First, the Villarreals argue that the arbitration award should have been vacated because no agreement existed between the parties to submit the dispute to binding arbitration.

Arbitration agreements are interpreted under traditional contract principles. *J.M. Davidson v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). The arbitration agreement's validity is a legal question subject to de novo review. *Id.*; *see In re Kellogg Brown & Root*, 80 S.W.3d 611, 615 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). In construing an agreement, we determine whether it is possible to enforce the contract as written, without resorting to parol evidence, and with the primary concern of ascertaining the true intentions of the parties expressed in the instrument. *J.M. Davidson*, 128 S.W.3d at 229. We must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Id.* No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument. *Id.* (citing *Myers v. Gulf Coast Minerals Mgmt. Corp.*, 361 S.W.2d 193, 196

5

(Tex. 1962)).   Furthermore, a contract is unambiguous if it can be given a definite or certain legal meaning.   *J.M. Davidson*, 128 S.W.3d at 229.   However, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, creating a fact issue on the parties' intent.   *Id.*

In this case, the Villarreals assert that the initial residential construction contract they entered into with A & M Construction did not contain a clause which expressed intent to enter into binding arbitration.   We agree.   The pertinent clause included in the residential construction contract stated that the parties agreed to arbitrate any dispute prior to pursuing any legal matter.   This provision is subject to reasonable interpretations regarding whether the parties intended to submit to binding or non-binding arbitration.   Accordingly, we conclude that the residential construction contract is ambiguous and creates a fact issue regarding the parties' intent.   *See id.*

However, the Villarreals do not address the subsequent BBB binding arbitration that was signed by both parties.   The BBB instrument displays a large title, "AGREEMENT TO ARBITRATE" with the word "BINDING" below it in parenthesis.   The remainder of the document also shows clear intent by both parties to resolve the Villarreals' breach of contract claim through binding arbitration.

The opening paragraph of the BBB agreement states the following, in part:

> **You should remember that your signature on this contract means that you have decided to use this private way of settling your dispute instead of going to court, and that you will be bound by the arbitrator's decisions.   After a decision by an arbitrator, a court normally will refuse to hear the facts in a case in all but the most unusual situations.**

(Emphasis in original.)   Furthermore, another clause shows the Villarreals' consent to arbitrate under the Better Business Bureau's Rules of Arbitration and to follow the

6

arbitrator's decision after the hearing on the dispute. Accordingly, our review of the BBB instrument shows an unambiguous intent by the Villarreals and A & M Construction to mutually enter into binding arbitration regarding the Villarreals' allegations against A & M Construction for breach of contract.

**2.     Residential Construction Liability Act Preemption**

Next, the Villarreals argue that the Texas Residential Construction Liability Act (RCLA), *see* TEX. PROP. CODE ANN. Chapter 27, preempts the Texas Arbitration Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. Chapter 171, and that the parties could not, by virtue of including a clause in their contract submitting to arbitration, alter the notice and settlement provisions provided for under the RCLA. *See* TEX. PROP. CODE ANN. § 27.004 (West Supp. 2011).

We decline to address this argument because it exceeds the scope of our "extraordinarily narrow" judicial review of arbitration awards. *See E. Tex. Salt Water Disposal Co.*, 307 S.W.3d at 271. The statutory grounds for which a trial court shall vacate an arbitration award are clearly outlined in this opinion and in section 171.088 of the civil practices and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. Here, the Villarreals' argument of statutory conflict is not a ground for vacatur of an arbitration award. *See id.* Therefore, we are without jurisdiction to review this argument. *See In re Cantu de Villarreal*, 330 S.W.3d at 18.

**3.     Exceeding Authority**

In their final argument, the Villarreals argue that the BBB arbitrator exceeded his authority by committing a gross mistake or manifestly disregarding the controlling law in the area of construction contracts.

7

"Manifest disregard" is a very narrow standard of review. *Xtria L.L.C. v. Intern. Ins. Alliance Inc.*, 286 S.W.3d 583, 594 (Tex. App.—Texarkana 2009, pet denied). It is more than error or misunderstanding of the law. *Id.* Instead the error must be "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." *Id.* Under this standard, the arbitrator recognizes a clearly governing principle and ignores it. *Id.* The issue is not whether the arbitrator correctly interpreted the law, but whether the arbitrator, knowing the law and recognizing that the law required a particular result, simply disregarded the law. *Id.* (citing *Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 332 (Tex. App.—Fort Worth 2006, no pet.)). The burden of proof in this argument rests with the Villarreals*. Id.*

The Villarreals assert that the arbitrator's conclusions essentially place blame on them regarding the issues with the hardwood floor and the master bathroom tile. They further assert that these conclusions "fly in the face" of construction law, which requires quality of workmanship and control of the construction project to rest in the hands of A & M Construction and not with the Villarreals.

However, the arbitrator's findings do not reflect this contention. Our review of the record indicates that the arbitrator found that the hardwood flooring was the choice product of the Villarreals and that the Villarreals chose the particular method of installation. With regard to the master bathroom tiles, the arbitrator found that despite not being the tile selected by the Villarreals, the Villarreals nonetheless agreed with A & M Construction to install the wrong marble tile. After indulging all reasonable presumptions in favor of the arbitration award, we conclude that the Villarreals did not meet their burden to demonstrate that the arbitrator manifestly disregarded the law.

"Gross mistake" is a Texas common-law standard used to attack arbitration awards that implies bad faith or failure to exercise honest judgment. *See Callahan & Assoc. v. Orangefield Ind. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002). The Villarreals contend that the arbitrator failed to exercise honest judgment by manifestly disregarding the applicable law of construction contracts. A reading of the arbitrator's award in this case indicates that the Villarreals initially acquiesced to the purported flaws regarding the hardwood floors and marble tile in the master bathroom. More specifically, the arbitrator found that the hardwood floor's defects were not the result of poor workmanship, but rather the natural occurrences of wood under humid conditions. After indulging all reasonable presumptions in favor of the arbitration award, our review of the record and the Villarreals' arguments do not meet their burden to show that the arbitrator exercised bad faith or failed to exercise honest judgment. *See id*, 92 S.W.3d at 844.

Accordingly, we overrule the Villarreals' sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
30th day of August, 2012.

9